Arnold & Porter

**Melissa Brown**
+1 212.836.7981 Direct
Melissa.Brown@arnoldporter.com

October 8, 2025

**VIA ECF**
Honorable J. Jennifer L. Rochon
United States District Judge
Southern District of New York
500 Pearl Street, Room 1920
New York, New York 10007

**Re: *MSIG Holdings (U.S.A.), Inc. et al v. Richard Pye*, Case No. 25-cv-08071-JLR**

Dear Judge Rochon,

We represent Plaintiffs MSIG Holdings (U.S.A.), Inc. and Mitsui Sumitomo Marine Management (U.S.A.), Inc. (together, "MSIG") in the above-captioned trade secret misappropriation action. We write pursuant to Your Honor's Individual Rules of Practice, Sections 2(E) and 3(A), S.D.N.Y. Local Rule 37.2, and Federal Rules of Civil Procedure 26, 30, 34, and 45, to respectfully request a pre-motion conference before moving for narrow and carefully tailored expedited discovery regarding the current whereabouts and misuse of MSIG's confidential, proprietary, and trade secret information illegally taken by defendant Richard Pye ("Defendant") when he and some of his colleagues left MSIG to do the same job at one of MSIG's biggest competitors. MSIG files this request on an expedited basis to preserve the status quo and the evidence in Defendant's and relevant non-parties' possession and custody.[1]

## I. BACKGROUND

Defendant is a former member of MSIG's "ocean and inland marine" insurance business. (*See* Compl., Dkt. 1, ¶¶ 53-70.) He and six of his colleagues, including Frank Cecere and Mary Springer, recently followed their former MSIG superior, Jeffrey Kaufmann, to Mr. Kaufmann's new ocean and inland marine insurance team at Arch Insurance Group, Inc. ("Arch"), MSIG's competitor. (*Id.* ¶¶ 55-80.) Mr. Kaufmann left MSIG in the first week of July, and MSIG alleges that he enticed Defendant and others to leave MSIG and join him at Arch, which they did in early August 2025. (*Id.* ¶¶ 98-110.) Just before their final day at MSIG, Defendant and others, including non-party Mary Springer were observed to have accessed, printed, emailed, and removed certain electronic and physical MSIG materials containing MSIG's most confidential information and trade secrets, including current and potential customer and policy lists containing customer policy renewal dates, expiration dates, broker information, policy limits and terms, strategic notes, and other confidential information. (*Id.* ¶¶ 85-97, 116-152.) Defendant and his colleagues also took strategic plans, operational methodologies, and technical processes. (*Id.*)

The wrongfully taken information is useable by a competitor to inflict competitive harm on MSIG and as such it has independent economic value, both actual and potential. The information reflects MSIG's investment in the development of its customer list, as well as its processes, methods, and technologies for efficient operation of its business, all of which helps

[1] Defendant Richard Pye ("Defendant" or "Mr. Pye") has not yet appeared in this action—either through counsel or *pro se*—thus, there is no one with whom counsel for MSIG could contact to meet and confer.

MSIG to compete successfully in its industry. The information also shows which customers are coming up for renewal, so a competitor would know who to target, and it reflects pricing, which would help a competitor bid against MSIG on new or renewal business. The information is not generally known and is not readily ascertainable through proper means. The disclosure or use of such information by a competitor of MSIG would result in their obtaining economic value from the disclosure and use.

## II. LEGAL BASES FOR MSIG'S MOTION FOR EXPEDITED DISCOVERY

MSIG seeks narrowly tailored expedited discovery from Defendant as well as from non-parties Jeffrey Kaufmann, Mary Springer, Frank Cecere, and Arch. For each passing day, MSIG's stolen information remains in the possession of its terminated former employees and potentially others at Arch, which increases both the continued risk of misappropriation as well as the extent of any misappropriation that has already occurred. Good cause exists to allow expedited discovery to prevent irreparable harm, to promptly identify what information has been taken from MSIG, who currently possesses such information, with whom such information has been shared, and how such information has been used since being removed from MSIG.

### A. Legal Standard

"District Courts have broad power to permit expedited discovery in appropriate cases[.]" *Benham Jewelry Corp. v. Aron Basha Corp.*, 1997 WL 639037, at *20 (S.D.N.Y. Oct. 14, 1997). "When determining a request for expedited discovery, courts in this Circuit 'examine the discovery request on the entirety of the record to date and the reasonableness of the request in light of all the surrounding circumstances.'" *Romero v. Goldman Sachs Bank USA*, 2025 WL 2403415, at *1 (S.D.N.Y. July 17, 2025) (citation omitted). Courts "utilize a 'flexible standard of reasonableness and good cause.'" *Id.* To find good cause, courts have compared the movant's need for the discovery with any prejudice to the nonmovant. *See, e.g.*, *id.* (citation omitted); *Hubbuch v. Capital One, N.A.*, 2025 WL 2161238, at *1 (S.D.N.Y. Feb. 3, 2025); *Milk Studios, LLC v. Samsung Elecs. Co.*, 2015 WL 1402251, at *2 (S.D.N.Y. Mar. 26, 2015). Courts have also found that "[t]he reasonableness and good cause test, on the other hand, requires only that the moving party 'prove that the requests are reasonable under the circumstances.'" *New York by Schneiderman v. Griepp*, 2017 WL 3129764, at *1 (E.D.N.Y. July 20, 2017) (citation omitted). Requests for expedited discovery are reasonable under the circumstances when they are "limited and narrowly tailored." *Romero*, 2022 WL 2901403, at *1.

### B. MSIG's Request for Expedited Discovery is Reasonable

MSIG's discovery requests are directed at a few limited areas aimed at understanding the extent of misappropriation and shutting it down as soon as possible. *First*, MSIG seeks to know exactly what confidential, proprietary and trade secret information and materials Defendant and others have removed from MSIG and retained since their departure, and in what state that information is being kept. *Second*, MSIG seeks to know with whom the information and materials have been shared. *Third*, MSIG seeks to know in what ways the information and materials have been used since being removed from MSIG.

MSIG's proposed discovery is in the form of discovery demands to Defendant (Exs. A-C), and third-party subpoenas to non-parties Jeffrey Kaufmann, Mary Springer, Frank Cecere, and Arch (Exs. D-G). Given the recency of the events that are the subject of these requests (within the

past few months), all responsive information, documents, and things should be readily accessible to Defendant and relevant non-parties. As to the deposition request to Defendant, MSIG would limit its scope to the expedited discovery only, while reserving the right to take his deposition on broader issues at a later date.

These focused requests are consistent with the scope of expedited discovery allowed by this Court in other cases. *See, e.g.*, *S.E.C. v. Mattera*, 2012 WL 4450999, at *1 (S.D.N.Y. Sept. 26, 2012); Scheduling Order, *GoSMiLE, Inc. v. Dr. Jonathan Levine, D.M.D. P.C.*, No. 10-08663 (S.D.N.Y. 2011), ECF No. 27; *adMarketplace, Inc. v. Tee Support, Inc.*, 2013 WL 4838854, at *2 (S.D.N.Y. Sept. 11, 2013); *Standard Inv. Chartered, Inc.*, 2007 WL 1121734, at *1; *Cartier a Div. of Richemont N. Am., Inc. v. Aaron Faber Inc.*, 382 F. Supp. 2d 625, 625–26 (S.D.N.Y. 2005).

### C. There Is Good Cause to Grant MSIG's Motion for Expedited Discovery

***Expedited Discovery Would Protect MSIG From Further Irreparable Harm***. Discovery would give MSIG a fair opportunity to avoid, reduce, or at least curtail ongoing irreparable injury, especially where "[i]rreparable harm is presumed where a trade secret has been misappropriated." *Twentieth Century Fox*, 749 F. Supp. at 47; *Helio Logistics, Inc. v. Mehta*, 2023 WL 1517687, at *4 (S.D.N.Y. Feb. 3, 2023) (citation omitted). Here, courts routinely find that the types of information alleged to be misappropriated by Defendant here—current and potential customer and policy lists, customer policy renewal dates, expiration dates, broker information, policy limits and terms, strategic notes, and other information useful to a competitor—are trade secrets. *See Helio Logistics*, 2023 WL 1517687, at *4; *see also In re Dana Corp.*, 574 F.3d 129, 152 (2d Cir. 2009); *Kraus USA, Inc. v. Magarik*, 2020 WL 2415670, at *5 (S.D.N.Y. May 12, 2020). Moreover, "[e]ven where a trade secret has not yet been disclosed, irreparable harm may be found" because Defendant and the relevant non-parties are in possession of MSIG's trade secrets and work for a competitor in the same roles and line of business as they previously held at MSIG. (Compl., Dkt. 1 ¶¶ 71-74, 100); *Estee Lauder Cos. v. Batra*, 430 F. Supp. 2d 158, 174 (S.D.N.Y. 2006).

***Defendant and the Non-Parties Will Not Be Unduly Prejudiced By Expedited Discovery***. MSIG's discovery requests will not unduly burden Defendant or the relevant non-parties. The discovery sought is narrowly targeted to information relating to MSIG, Defendant's and the non-parties' communications with colleagues and with others at Arch regarding MSIG, and Defendant's and the non-parties' move from MSIG to Arch. The events alleged in the Complaint occurred within the last few months, which means it is highly likely that Defendant and the non-parties have ready access to the requested information, *i.e.*, they do not need to unearth old files. If Defendant has not engaged in misappropriation, then responding to the discovery would be even easier. Indeed, any argument from Defendant or the non-parties that the discovery is burdensome would only increase the need for such discovery, because that argument would suggest that Defendant's and the non-parties' use of the illegally taken information and his dissemination of it at Arch was extensive. Therefore, Defendant and the non-parties cannot reasonably claim any undue prejudice if expedited discovery is granted by this Court.

Respectfully Submitted,

*/s/ Melissa Brown*
Melissa Brown
*Counsel for Plaintiffs*

cc: Defendant Richard Pye (*via FedEx*)
Jeffrey Kaufmann (*via FedEx*)
Mary Springer (*via FedEx*)
Frank Cecere (*via FedEx*)
Arch Insurance Group, Inc. (*via FedEx*)

The Plaintiffs' request for a pre-motion conference is GRANTED. The pre-motion conference will be held remotely, via Microsoft Teams, on **October 16, 2025 at 11:30 am**. Parties will receive login credentials at the email addresses listed on the docket. Parties are also directed to provide an appearance list, prior to the conference with the names and contact information of Counsel that will be in attendance. The public listen-only line may be accessed by dialing Phone Number: 646-453-4442 | Phone Conference ID: 223 294 884#.

Plaintiffs and the Clerk of the Court are respectfully directed to mail this Order to Defendant at 4812 Snapjack Circle, Naperville, Illinois 60564.

Date: October 9, 2025
New York, New York

**SO ORDERED.**

Jennifer Rochon

**JENNIFER L. ROCHON**
**United States District Judge**