# Arnold&Porter

Dina Hayes
+1 312.583.2394 Direct
Dina.Hayes@arnoldporter.com

January 22, 2026

**VIA ECF**
Honorable J. Jennifer L. Rochon
United States District Judge
Southern District OF New York
500 Pearl Street, Room 1920
New York, New York 10007

Re: *MSIG Holdings (U.S.A.), Inc. et al v. Richard Pye*, Case No. 25-cv-08071-JLR

Dear Judge Rochon,

We represent Plaintiffs MSIG Holdings (U.S.A.), Inc. and Mitsui Sumitomo Marine Management (U.S.A.), Inc. (together, "MSIG") in the above-captioned action. We write pursuant to Your Honor's Individual Rules of Practice, Sections 2(E) and 3(A), S.D.N.Y. Local Rule 37.2, and Federal Rules of Civil Procedure 26, 34, and 37, to respectfully request a pre-motion conference regarding discovery. The parties have met and conferred but have been unable to resolve the disputes.

## I.    RELEVANT BACKGROUND

MSIG commenced this action against Defendant Richard Pye ("Defendant") alleging trade secret misappropriation and related state law claims. (Compl., Dkt. 1, ¶¶ 53-70.) Defendant was an MSIG employee in the "ocean and inland marine" insurance business until August 2025, when he and six colleagues followed their superior, Jeffrey Kaufmann (collectively, the "Co-Conspirators"), to a new ocean and inland marine insurance team at MSIG's competitor, Arch Insurance Group, Inc. ("Arch"). (*Id.* ¶¶ 55-80, 98-110.) MSIG alleges that Defendant and the Co-Conspirators left in a coordinated plan to leverage MSIG's trade secrets and compete against MSIG while at Arch. (*Id.* ¶¶ 85-97, 116-152.) MSIG propounded discovery seeking documents or communications (including with Arch or the Co-Conspirators) in Defendant's custody, control and/or possession regarding his decision to leave MSIG, the hiring process with Arch, or the date that Arch offered a competing job to Defendant. Defendant has refused to provide any of this information, even the date of his competing job offer.

MSIG served document requests ("RPDs") to Defendant seeking to understand, among other things: (1) the scope of the trade secrets Defendant misappropriated from MSIG; (2) the location of those trade secrets, including the identification of electronic devices or accounts hosting that information; and (3) Defendant's pre-departure communications with the Co-Conspirators and Arch regarding the move to Arch. *See* **Ex. A** (MSIG's RPDs). In other words, MSIG seeks to understand the timeline of when Defendant was approached by Arch/Kaufmann to join their company and how long Defendant retained the MSIG confidential information that was provided to him, while in a position of trust and at invite-only leadership meetings, after deciding to leave MSIG and accepting an offer from Arch. Defendant refuses to produce responsive documents.[1]

Further, Defendant agreed in the Case Management Order ("CMO") that he would confer on a plan for producing electronically-stored information ("ESI"). (CMO, Dkt. 42 at 4 ¶ 19(c).) As such, MSIG agreed to produce documents responsive to Defendant's document requests subject

---

[1] Defendant refused to substantively respond to MSIG's Interrogatories 1-5 and Request for Admission 1, but amended its responses after a meet and confer. MSIG reserves the right to move to compel responses if the amended responses remain insufficient under the Federal Rules.

**Arnold & Porter Kaye Scholer LLP**
70 West Madison Street, Suite 4200 | Chicago, IL 60602-4321 | www.arnoldporter.com

# Arnold&Porter

Judge Rochon
January 22, 2026 - Page 2

to an agreement that the parties negotiate an ESI protocol, but Defendant refuses to engage in any discussion regarding ESI.

## II.    DEFENDANT'S REFUSAL TO NEGOTIATE AN ESI PROTOCOL

Notwithstanding his agreement in the CMO, Defendant refuses even to meet and confer regarding parameters for an ESI protocol because "some" responsive documents may be located without ESI terms. While this is true, and while the parties have already produced ESI and non-ESI materials, an ESI protocol would ensure that both parties' search for responsive documents is transparent and targets the relevant universe of documents related to this action. As identified in the Complaint, Defendant sent many MSIG confidential and propriety materials to his personal email accounts, and without an ESI protocol, MSIG cannot be sure which electronic repositories are being searched and what search terms are being used. While parties typically stipulate to ESI protocols, courts have entered ESI protocols or ordered parties to submit competing proposals. *Maurer v. Sysco Albany, LLC*, 2021 WL 2154144, at *10 (N.D.N.Y. May 27, 2021) ("[T]he best solution in the entire area of electronic discovery is cooperation among counsel."); *Loc. 3621, EMS Officers Union, DC-37, AFSCME, AFL-CIO v. City of N.Y.*, 2023 WL 8804257, at *9 (S.D.N.Y. Dec. 20, 2023).

MSIG requests leave to submit a proposed ESI protocol for endorsement by the Court, or, within one week, direct Defendant to confer with MSIG on an ESI protocol, and if the parties cannot agree within another week, that each submit an ESI protocol for the Court's consideration.[2]

## III.    DEFENDANT'S REFUSAL TO PRODUCE DOCUMENTS RESPONSIVE TO MSIG'S DOCUMENT REQUESTS 5 and 9-15

*RPD No. 5*:  While RPD 5 seeks "all devices … that contain or contained any documents or data originating from MSIG," MSIG clarified during meet and confers that this request seeks documents sufficient to identify the Defendant's devices and accounts that may contain MSIG's information or trade secrets. Defendant refuses to produce any responsive documents and has misinterpreted this request as pertaining only to devices or accounts *that Defendant has searched*. The Court should compel Defendant to produce documents *identifying* all such devices and accounts, and not just those that Defendant has unilaterally chosen to search. If there are other accounts/devices that Defendant has not searched, the identity of those accounts/devices should be disclosed in response to RPD No. 5. Only Defendant knows where this information is located and he has not claimed any undue burden in responding to this request. In fact, Defendant was required to disclose this information without a discovery request. Fed. R. Civ. P. 26(a)(1)(A)(ii) ("[A] party must . . . provide to the other parties: ... a copy—*or a description by category and location*—of all documents, *electronically stored information*, and tangible things that the disclosing party has in its possession, custody, or control and may use to support its claims or defenses . . . .").

*RPD Nos. 9-12*:  These requests seek non-privileged documents or communications related to (i) Defendant's interactions with the Co-Conspirators (RFPs 9-10) or with Arch (RPDs 11-12), prior to their departure from MSIG from January 1, 2025 to the present, including communications regarding the misappropriated information, (ii) Defendant's or the Co-Conspirators' hiring by Arch, and (iii) other information related to the circumstances of Defendant's employment with Arch. Defendant refuses to produce all responsive documents, and instead claims that MSIG is not entitled to pre-departure communications with the Co-Conspirators or Arch. He also unilaterally determined that the only relevant communications with the Co-Conspirators and Arch

---

[2] MSIG proposed a protocol that identifies 5-7 custodians, 10 search terms per custodian, for a period beginning at Defendant's employment with MSIG to the filing of this lawsuit (assuming Defendant searches the same time period).

**Arnold&Porter**

Judge Rochon
January 22, 2026 - Page 3

are those that discuss or are related to MSIG's confidential or trade secret information, but other responsive documents are relevant to Defendant's motivations for taking such information, even if the document does not itself directly reference that information.[3]  The Court should compel Defendant to respond to RPDs 9 through 12 as requested by MSIG.

For example, the information pertains to Defendant's plan with the Co-Conspirators to leave MSIG and use MSIG's trade secret information at Arch.  These communications and documents are also relevant to claims that Defendant disregarded his confidentiality obligations, and encouraged the Co-Conspirators to do the same, and planned to leverage MSIG's trade secret information at Arch.  MSIG should be permitted to learn how long Defendant maintained MSIG's confidential trade secret information while communicating with the Co-Conspirators regarding their move to Arch, including the circumstances of Defendant's offer of employment from Arch and his decision to leave MSIG.  *See, e.g.*, *Becton, Dickinson & Co. v. Tang*, 2025 WL 3251435, at *4 (D.N.J. Nov. 21, 2025) (trade secret misappropriation; compelling defendant to produce, among other things, communications with plaintiff's former or current employees and documents submitted to prospective employers); *Concepts NREC, LLC v. Qiu*, 2022 WL 22761644, at *2 (D. Vt. Feb. 15, 2024) (trade secret misappropriation; requests seeking information about defendants' hiring of plaintiff's employees are "legitimate topics for discovery or, with some explanation, may develop into legitimate topics.").  MSIG cannot independently ascertain this information because it is solely within Defendant's control.  Fed. R. Civ. P. 26(b).

Defendant's temporal limitations are also unreasonable.  The requested time period (from January 1, 2025 to the filing of the Complaint) is appropriately limited to the "likely period in which Defendant[] began [a] scheme to build a business to compete with" MSIG.  *Sound Around, Inc. v. Friedman*, 2025 WL 1212505, at *5 (S.D.N.Y. Apr. 25, 2025), *on reconsideration in part*, 2025 WL 1531691 (S.D.N.Y. May 28, 2025) (extending time period).

***RPD Nos. 13-14***:   These RPDs seek documents and communications regarding Defendant's meetings with potential or actual marine insurance customers while at Arch and business comparisons between Arch's against MSIG's business.  Defendant refuses to produce documents citing his confidentiality obligations to Arch.  He also falsely accuses MSIG of trying to obtain Arch's purported trade secrets.  These documents are relevant to MSIG's claims that Defendant, with the Co-Conspirators, misappropriated MSIG's trade secret information (and breached their fiduciary duties to MSIG, among other things), by using MSIG's roadmap and trade secret information to compete for MSIG's marine insurance business while at Arch.

Tellingly, Defendant has not denied that responsive documents exist.  Nor has he stated that he sought permission from Arch to produce them.  Defendant has been in possession of a draft protective order since November 2025,[4] but he has not explained why the protections in the draft protective order do not alleviate his concerns by, for example, producing the documents on a "true" outside attorneys' eyes only basis, which is commonly used in commercial litigations to protect sensitive or trade secret information.

***RPD No. 15***:   This request seeks documents relating to Defendant's interrogatory responses, but Defendant refuses to clarify whether he will produce documents responsive to this request.  The Court should order Defendant to respond to this RPD and produce responsive documents.

---

[3] Even under the self-imposed relevancy determination, Defendant presumably will withhold relevant discovery given his arguments that none of the documents he retained constitute confidential trade secret information.

[4] Defendant provided revisions to the draft protective order only on January 20, 2026.

# Arnold & Porter

Judge Rochon
January 22, 2026 - Page 4

Respectfully Submitted,

*Dina Hayes*
Dina Hayes
*Counsel for Plaintiffs*

cc:   Counsel for Defendant (*via ECF*)

The parties shall appear before the Court for a virtual conference to discuss this matter on **February 10, 2026** at **3:00 p.m.**  Counsel shall submit an appearance sheet pursuant to the Court's Individual Rule 2(B) and will receive Microsoft Teams log-in credentials at the email addresses provided.  The public listen-only line may be accessed by dialing Phone Number: 646-453-4442 | Phone Conference ID: 234 968 087#

The parties seem to agree that they will meet and confer regarding an ESI protocol and therefore that issue is moot.  The parties shall file a joint letter by February 6, 2026 that describes any remaining document production relevancy objections,

Date:   January 28, 2026
        New York, New York

SO ORDERED.

*Jennifer Rochon*
**JENNIFER L. ROCHON**
**United States District Judge**