# Arnold&Porter

**Dina Hayes**
+1 312.583.2394 Direct
Dina.Hayes@arnoldporter.com

March 16, 2026

**VIA ECF**

The Honorable J. Jennifer L. Rochon
United States District Judge, S.D.N.Y.
500 Pearl Street, Room 1920
New York, New York 10007

Re: *MSIG Holdings (U.S.A.), Inc. et al v. Richard Pye*, **Case No. 25-cv-08071-JLR**

Dear Judge Rochon,

We represent Plaintiffs MSIG Holdings (U.S.A.), Inc. and Mitsui Sumitomo Marine Management (U.S.A.), Inc. (together, "MSIG") in the above-captioned action. We write pursuant to Your Honor's Individual Rules of Practice, §§ 2(E) & 3(A), S.D.N.Y. Local Rule 37.2, and the directive at the February 10, 2026 conference (Tr. at 35:5-13), respectfully requesting a pre-motion conference regarding the parties' dispute as to the proposed terms of a stipulated confidentiality order and seeking entry of a confidentiality order in the form attached as **Exhibit A**, which reflects MSIG's preferred language.[1] The parties have met and conferred but have been unable to resolve the dispute.

**Background.** For months, the parties have attempted to negotiate the terms of the proposed order and have agreed to all terms except for (a) Paragraph 5, which paragraph describes the types of information that a designating party may designate as "Confidential Material," and (b) Paragraph 38, which paragraph describes a procedure for the disclosure of proposed expert witnesses.[2]

MSIG provided Defendant with a draft *joint* letter so that the parties could efficiently raise this dispute in one submission. In response, Defendant stated that he could not condense his arguments to fit within three pages. Even after MSIG attempted to narrow and streamline the scope of the dispute, Defendant refused to proceed with a joint filing. During this exchange, Defendant identified eight "exhibits" that he intends to file in support of his positions on the confidentiality order. As MSIG explained to Defendant, the exhibits are not necessary to resolve the dispute. Instead, the "exhibits" are being used by Defendant to passive aggressively challenge confidentiality designations and suggest MSIG has engaged in "designation abuse." Defendant's exhibits should be ignored and any challenge to MSIG's designations should be addressed through MSIG's proposed challenge procedure already included in Exhibit A, and not through this piecemeal approach that unnecessarily burdens the Court and the parties. *See* Proposed Order §§ 31-32. Indeed, the parties' communications regarding Defendant's "exhibits" demonstrate that the procedure outlined in the Exhibit A actually works. Promptly after Defendant identified the small number of documents (some of which are not relevant to the substantive issues in the case), MSIG reviewed the documents to determine if the designations were appropriate. If de-designation was warranted, MSIG quickly informed Defendant and advised him that those documents may be publicly filed as "exhibits."

**MSIG's Proposed Paragraph 5**. Defendant has conceded that he likely will not designate *any* documents under the proposed confidentiality order.[3] Instead, Defendant's proposal seeks to narrow the manner in which MSIG may designate information as "Confidential" based on the

---

[1] MSIG modified the proposed order solely to update the introductory clauses and to remove the joint signature block.

[2] Attached as (a) **Appendix A** is a chart comparing the parties' competing proposals for Paragraph 5, and (b) **Appendix B** is a standalone copy of Paragraph 38 as proposed by MSIG.

[3] Thus, the terms in dispute do not burden Defendant or implicate Defendant's confidentiality interests or concerns.

# Arnold&Porter

contention that a document may only be designated confidential if (1) MSIG internally marked a document "confidential" in the ordinary course of business, (2) there are contractual confidentiality obligations between MSIG and third-parties. Defendant's proposal should be rejected. For starters, to the extent that Defendant is concerned that he may somehow concede the confidentiality or trade secret status through MSIG's designation of documents, those concerns are moot given the parties' agreement that receiving designated "Confidential" documents ***does not*** "operate as an admission by any Party . . . that any particular" designation "contains trade secrets or other confidential or proprietary information." *See* Proposed Order § 43(a).

Moreover, Defendant's proposal is not workable with the types of documents that will be produced in this litigation. Specifically, MSIG has alleged, among other things, that Defendant misappropriated MSIG trade secrets and breached his fiduciary duty to MSIG by improperly obtaining and exploiting MSIG's confidential and proprietary information. Consequently, many of the documents that Defendant seeks through discovery, and which MSIG has produced or will produce, concern MSIG's trade secret information as well as MSIG's or third-parties' confidential and proprietary information. MSIG thus sought to define "Confidential Material" in the proposed order in a manner that protects its confidentiality interests as well as the confidentiality interests that MSIG owes to third-parties by including language that allows MSIG to designate documents it ordinarily "treat[s] as confidential or non-public" or based on "third party confidentiality restrictions or expectations."

MSIG is concerned that Defendant's refusal to agree to the proposed terms of Paragraph 5 is Defendant's improper attempt to challenge the confidentiality or trade secret status of MSIG's documents through the negotiation of the terms of a confidentiality agreement. This concern has proven true given that Defendant insists on submitting eight MSIG-produced documents as part of his response to this letter as what the calls "designation abuse."

Finally, MSIG objects to inclusion of language that "Confidential Material" is not applicable to documents "developed by non-Parties without being subject to confidential protection." MSIG expressed to Defendant that it is not possible to know what steps non-parties took to "develop" materials without "being subject to confidential protection." Defendant argues that it is MSIG's burden to ascertain how a non-party document was developed and provided examples of MSIG-produced documents that Defendant contends falls within this category. These examples did not clarify the issue.[4] Nonetheless, there may be circumstances that the fact of transmitting otherwise public information may be confidential in nature. In any event, it is clear that by submitting "exhibits" as examples of alleged "designation abuse," Defendant is attempting to challenge MSIG's designation of these documents. The negotiation over terms of a protective order is not the place to make document-by-document challenges to designations. Rather, if Defendant disagrees with any designation, he may challenge those designations through the challenge process agreed to in the proposed order. *See* Proposed Order §§ 31-32.

**MSIG's Proposed Paragraph 38**. MSIG proposed language for paragraph 38 of the proposed order lays out a procedure for the disclosure of expert witnesses. As explained to Defendant, the purpose of an expert disclosure procedure is not to raise or waive *Daubert*, Rule 702, or *limine* arguments — it is to establish a process for identifying and disclosing experts and, where applicable, allow the non-disclosing party time to assess whether a conflict exists such that

---

[4] For example, Defendant initially planned to submit an excerpt of a document (*i.e.*, only three pages out of a ten-page PowerPoint document) to misleadingly imply that the entire document was improperly designated because it contains "non-public" information "developed by non-Parties without being subject to confidentiality protection[s]." MSIG requested, and Defendant agreed, to file the entire document and not only excerpts. In any event, there is no requirement that would impose on the parties the burden of applying page-by-page designations. And, if Defendant wishes to challenge or lower the designation on certain pages, he must follow the challenge procedures.

**Arnold&Porter**

the proposed expert should not access confidential information in the first instance.[5]  This way, the non-disclosing party may object to the expert receiving confidential information under the protective order and seek appropriate court relief, if necessary.

Defendant refuses this provision arguing that the Federal Rules do not allow for it, he has never seen this language in a protective order, and an expert's execution of Appendix A to the proposed order should alleviate any confidentiality concerns.  MSIG explained to Defendant that courts routinely enter protective orders that depart from the default expert disclosure rules and provided Defendant with examples from non-patent and patent cases.[6]  In response, Defendant referenced an order in *Melinta Therapeutics v. Nexus Pharmaceuticals* in which a party sought to stop the disclosure of confidential information to an expert.  Case No. 21-cv-02636, Dkt. 97 at 4 (N.D. Ill. May 27, 2022).  But that case shows exactly how the disclosure procedure proposed by MSIG is intended to work because there, the parties followed a disclosure procedure agreed to in a protective order (like the one proposed here).  After a non-disclosing party objected to the other side's expert receiving confidential information, the parties raised the issue to the court and the objection was overruled.  *Id.*; *see id.*, Dkt. 102 ¶ 4(e) (protective order).

Moreover, having experts execute Appendix A does not alleviate MSIG's confidentiality concerns because by the time of expert disclosure, it will be too late for MSIG to object to any proposed expert receiving MSIG's confidential information at all.  These concerns are underscored because Defendant stated during a meet and confer that he should be able to show MSIG's confidential information to *potential* experts and in light of Defendant's continuous disagreement with MSIG's confidentiality designations or the definition of "Confidential Material."  As such, MSIG's proposal reflects a measured approach to objections to experts separate and apart from substantive, merits-based motion practice.

**Defendant's Unnecessary Exhibits**.  Prior to submitting this letter, Defendant demanded MSIG's position on whether to seal or redact seven documents he intends to submit as exhibits that, according to Defendant, are purported examples of "designation abuse."  MSIG objected to the exhibits because (1) they are not necessary to the resolution of the dispute, and (2) to the extent Defendant challenges the designations, he must follow the agreed upon challenge procedure. Proposed Order §§ 31-32.  Understanding that Defendant disagreed with the designations, MSIG reviewed the documents and de-designated three exhibits and will file a letter pursuant to Your Honor's Individual Rule 4(iii)(a) explaining the need to seal or redact the remaining exhibits.

Moreover, *after* MSIG provided its designation and sealing position for the initial seven exhibits, Defendant searched MSIG's productions to find yet *another* exhibit to attach to his forthcoming letter, again unnecessarily forcing MSIG to review its designations.  As discussed above, Defendant's document-by-document approach to challenging designations in this context is inefficient, improper, and unnecessary.

* * *

We thank the Court for its attention to this matter.

Respectfully Submitted,

*/s/ Dina Hayes*
Dina Hayes
*Counsel for Plaintiffs*

cc:    Counsel for Defendant (*via ECF*)

---

[5] MSIG already disclosed its experts to Defendant by following this procedure.
[6] 24-cv-4274 (S.D.N.Y.), Dkt. 82; 22-cv-82 (S.D.N.Y.), Dkt. 52; 18-cv-5290 (S.D.N.Y.), Dkt. 106; 25-cv-094 (E.D. Tex.), Dkt. 71; 23-cv-60 (E.D. Tex.), Dkt. 77; 22-cv-125 (E.D. Tex.), Dkt. 36.

**Arnold&Porter**

**APPENDIX A**

| Plaintiffs' Proposal | Defendant's Proposal |
|---|---|
| **Paragraph 5**: "Confidential Material" refers to Discovery Material that the Designating Party (as defined below) believes would be entitled to protection on a motion for a protective order pursuant to Rule 26(c) on the basis that it:<br><br>   a. constitutes, reflects, discloses, or contains information protected from disclosure by statute; or<br><br>   b. should be protected from disclosure as confidential research, development, technical, commercial, business, or financial information that the Designating Party has maintained as confidential, or **is subject to third party ~~contractual~~ confidentiality restrictions or expectations, or otherwise treated as confidential or non-public**,<br><br>provided, however, that a designation of "Confidential" shall not be applicable to public records**, or** other Discovery Material that are already publicly available~~, or Documents developed by non-Parties without being subject to confidential protection~~. In designating Discovery Materials as "Confidential," the Designating Party shall do so in good faith consistent with the provisions of this Order and rulings of the Court. | **Paragraph 5:** "Confidential Material" refers to Discovery Material that the Designating Party (as defined below) believes would be entitled to protection on a motion for a protective order pursuant to Rule 26(c) on the basis that it:<br><br>   a. constitutes, reflects, discloses, or contains information protected from disclosure by statute; or<br><br>   b. should be protected from disclosure as confidential research, development, technical, commercial, business, or financial information that the Designating Party has maintained as confidential, or **is subject to third party contractual confidentiality ~~restrictions or expectations, or otherwise treated as confidential or non-public~~**,<br><br>provided, however, that a designation of "Confidential" shall not be applicable to public records**~~, or~~** other Discovery Material that are already publicly available**, or Documents developed by non-Parties without being subject to confidential protection**. In designating Discovery Materials as "Confidential," the Designating Party shall do so in good faith consistent with the provisions of this Order and rulings of the Court. |

**Arnold&Porter**

## APPENDIX B

**MSIG's Proposed Paragraph 38**

At least seven (7) days before any retained Independent Expert is given access to Confidential or Highly Confidential Material, the Party that retained the Independent Expert must serve upon the other Party (i) the executed written acknowledgement attached as Exhibit B hereto indicating that they have read the Order and agree to be bound by its terms (counsel who furnish Discovery Material designated as "Confidential" or "Highly Confidential" to a Receiving Party's proposed expert or consultant will be responsible for maintaining any and all such written acknowledgments), and (ii) a current curriculum vitae of the Independent Expert including an identification of his/her (a) current employer(s); and (b) each case or proceeding (by, for example, name and/or number of the case/proceeding, year, and name of the court or tribunal) in which the Independent Expert has provided a report, declaration, or has testified (at trial or deposition) within the last five years.

Within seven (7) days after receiving the disclosure notice of the Independent Expert retained by the other Party, the non-disclosing Party may object, in writing, to the disclosure of Discovery Material to the Independent Expert. The Parties agree to promptly confer in good faith to resolve any such objection. If the Parties are unable to resolve any objection, the objecting Party may file a motion with the Court within fifteen (15) days of the disclosure notice, or within such other time as the Parties may agree, seeking a protective order with respect to the proposed disclosure. The objecting Party shall have the burden of proving the need for a protective order. No disclosure shall occur until all such objections are resolved by agreement or Court order. Absent an extension or agreement between the Parties, any objection to the Independent Expert receiving Discovery Material is waived if the non-disclosing Party fails to object within seven (7) days after receiving the disclosure notice, or, after lodging an objection, does not file a motion for a protective order within fifteen (15) days after receiving the disclosure notice.

Request GRANTED. The parties shall appear before the Court for a virtual conference on **April 2, 2026**, at **11:00 a.m.** Counsel shall submit an appearance sheet pursuant to the Court's Individual Rule 2(B) and will receive Microsoft Teams log-in credentials at the email addresses provided. The public listen-only line may be accessed by dialing Phone Number: 646-453-4442 | Phone Conference ID: 802 982 605#.

Date:   March 20, 2026
        New York, New York

**SO ORDERED.**

*Jennifer Rochon*

**JENNIFER L. ROCHON**
**United States District Judge**

5