# Arnold&Porter

**Dina Hayes**
+1 312.583.2394 Direct
Dina.Hayes@arnoldporter.com

April 17, 2026

**VIA ECF**

The Honorable Jennifer L. Rochon
United States District Court Judge, S.D.N.Y.
500 Pearl Street, Room 1920
New York, New York 10007

Re: *MSIG Holdings (U.S.A.), Inc. et al v. Richard Pye*, Case No. 25-cv-08071-JLR

Dear Judge Rochon,

On behalf of Plaintiffs ("MSIG"), we write pursuant to Your Honor's Individual Rules of Practice, §§ 2(E) and 3(A), Local Rule 37.2, and Fed. R. Civ. P. 26, 34, 37, and 45, to respectfully request a pre-motion conference regarding discovery disputes that remain unresolved despite extensive meet-and-confer efforts. The disputes concern the temporal and substantive scope of discovery that Defendant Richard Pye ("Pye") and seven non-party former MSIG employees[1] are willing to search and produce in this case.

## I.    BACKGROUND AND TIMING OF MSIG'S LETTER MOTION

MSIG first served discovery requests to Pye on November 4, 2025 and issued subpoenas to the Third Parties on November 5, 2025, February 6, 2026, and February 17, 2026. These discovery requests did not contain a specific end date for discovery, *e.g.*, every request to Pye contained a temporal component that seeks documents "to the present." Pye objected to MSIG's "to the present" scope, but he did not indicate a specific cutoff date that he would apply to his collections or productions. On March 12, 2026, Pye first disclosed, by email, that he unilaterally applied a September 29, 2025 cutoff date for his document productions, *i.e.*, that he would not search for documents that post-date the Complaint. Rather than prematurely raise the issue with the Court, MSIG reviewed Pye's ESI productions—served March 24 and March 30, 2026—to assess the scope and impact of Pye's unilateral date limitation. Pye's discovery responses demonstrate that Pye's imposed date restriction seeks to improperly exclude post-Complaint discovery that is essential to MSIG's claims. Specifically, Pye's documents show that he emailed MSIG confidential documents from his personal email address to his Arch email address on September 24, 2025, mere days before the filing of the Complaint. On September 27, 2025, Pye also bragged that he obtained and printed documents from MSIG so that he could copy and use MSIG's confidential information to create underwriting guidelines at Arch. Moreover, Pye's March 19, 2026 RFA responses confirm that an MSIG document was transferred (or was being transferred) to Arch's systems—but Pye did not indicate which documents or when that occurred and MSIG has no way of knowing how many documents were transferred or whether it was before or after the Complaint was filed. **Ex. B**, Pye's Response to RFA 27. MSIG raised the impropriety of Pye's unilateral date restriction during an April 14th meet-and-confer. Pye and the Third Parties have since offered to produce certain responsive emails through the dates of each individual's data collection by counsel, none of which provide MSIG with the necessary discovery. This letter addresses the remaining disputes.

The Third Parties also objected to producing documents "to the present," and only recently agreed to produce certain emails through the date of each witness' data collection by counsel.

---

[1] Jeffrey Kaufmann, Frank Cecere, Mary Springer, Connie Harwell, Stephen Mileski, John Maudsley, and Kristian Moor (together, the "Third Parties"). All Third Parties are represented by the same counsel as Pye. Although certain Third Parties reside outside this District, counsel confirmed to MSIG that they "are fine appearing before Judge Rochon on behalf of all of the non-parties we represent" on these issues. **Ex. A**, Apr. 3, 2026 Email.

**Arnold&Porter**

Although the Third Parties have already agreed to produce certain categories of documents, they have refused to conduct rolling productions and have unreasonably delayed any production, insisting that the parties must reach a global agreement on the outstanding disputes. The following issues remain in dispute: 1) Pye's unilateral refusal to produce *any* responsive documents or ESI (e.g., emails, text messages, LinkedIn messages) that post-date September 29, 2025, the date the Complaint was filed; and 2) the Third Parties' refusal to produce any ESI that post-dates the Complaint beyond a limited subset of emails.[2]

**II.    ARGUMENT**

*1. Post-Complaint Documents Are Relevant and Proportional to the Needs of the Case*. Although the parties agreed in the ESI Stipulation and Order that *privileged* documents that post-date the Complaint do not have to be produced, the parties never agreed to cut off the production of *non-privileged* and relevant documents that post-date the Complaint. *See* ESI Stip., ¶ 20, Dkt. 69. As discussed, neither the document requests to Pye nor the Third Party subpoenas contain a September 29, 2025 end date, and while Pye and the Third Parties asserted objections to a "to the present" cutoff, they may not unilaterally decide to impose a date-of-filing discovery cutoff.

Further, courts routinely compel parties to produce documents "through the present" where, as here, the requested discovery is relevant and proportional to the needs of the case. *See Willton NC NY, LLC v. MH I Inv.*, 2026 WL 683378, at *2 (S.D.N.Y. Mar. 10, 2026) (compelling document production "through the present" over objection that production end date should be filing of the complaint); *Hormigo v. Icahn Sch. of Med. at Mount Sinai*, 2025 U.S. Dist. LEXIS 184639, at *3 (S.D.N.Y. Sept. 19, 2025) (finding requests for communications regarding ongoing conduct "to the present" spanning numerous years went "to the heart of Plaintiff's allegations" and were "not disproportionate to the needs of the case"). This Court has similarly upheld document requests for text messages and communications without absolute temporal limitations. *See Hasnain v. City of New York*, No. 1:24-cv-06221 (JLR), Dkt. 77 at 2 (S.D.N.Y. Apr. 10, 2026) (ordering production of "all relevant text messages and communications sent or received by Defendants" related to underlying events of case with no temporal limitation).

Given the allegations in the Amended Complaint, and the discovery produced to date, it is relevant and proportional to the needs of the case for Pye and the Third Parties to produce documents "through the present," *i.e.*, beyond September 29, 2025. MSIG's claims concern the misappropriation and use of its trade secret and confidential information by Pye at Arch—and MSIG is entitled to probe exactly how MSIG's documents were misappropriated and how they were or are being used by Pye and the Third Parties even after the filing of the Complaint. As discussed above, Pye's document productions *confirm* his use (and continued intended use) of these materials at Arch: he emailed MSIG confidential documents to himself at his Arch email address on September 24, 2025, just before the Complaint was filed; and Pye discussed with at least one of the Third Parties that he obtained and printed documents from MSIG so that he could copy and use MSIG's confidential information to create competing underwriting guidelines at Arch. Moreover, Pye admitted in his RFAs that he "emailed a single page of an MSIG Document from his personal email account to his Arch email account, and *that he copied parts of an MSIG Document to Arch's systems*." **Ex. B**, Pye's Response to RFA 27 (emphasis added). MSIG is entitled to discovery to understand the full scope of any transfer of MSIG documents to a competitor's systems, and any discussion, use, or response to those documents by or within Arch

---

[2] MSIG remains open to resolving these issues directly with counsel.  MSIG files this letter now out of an abundance of caution and to preserve its rights given the upcoming May 6, 2026 fact discovery cutoff and Pye's counsel's conflicting positions that MSIG has delayed raising these issues and is barred from arguing them, on the one hand, but requesting that the parties continue the meet and confer process by scheduling meetings or exchanging extensive email write ups that do not further resolution of the issues, on the other hand.

**Arnold&Porter**

including among the Third Parties.[3]

Thus, Pye's own discovery and admissions evidence that the misappropriation of MSIG's information was in progress when the Complaint was filed—and was (and likely continued to be) ongoing. Given these admissions, post-Complaint discovery is not only relevant and proportional, but also essential to the central issues in this case, including whether, after the Complaint was filed, MSIG information was retained, used, or further disseminated at Arch or elsewhere, whether corrective or curative measures were imposed, and the scope of damages such as ongoing competitive harm.

_**2. The Federal Rules Support Post-Complaint Discovery**_. The Federal Rules do not contain a temporal cutoff for discovery. As such, the discovery requests to Pye and subpoenas to the Third Parties notified counsel that production through the present—or at least through a reasonable time between collection and production—was expected, with an obligation to supplement as necessary under the Federal Rules. _See_ Fed. R. Civ. P. 26(e). The artificial discovery date cutoff not only violates the obligation to supplement discovery under the Federal Rules, but also forecloses MSIG's ability to develop the evidentiary record necessary to show actual or threatened "continuing misappropriation" under the DTSA.

_**3. Pye and the Third Parties Should Be Compelled to Produce Fulsome ESI and Documents**_. In the meet and confer process, Pye and the Third Parties offered as purported compromises "limited, supplemental" post-Complaint productions based on a "search for emails sent from their personal email accounts to any Arch email addresses (including their own)" or "containing or attaching documents originating from MSIG or created by MSIG personnel." This is improper and unacceptable. _First_, Pye and the Third Parties must collect, search, and produce responsive documents from all ESI sources that they confirmed they would search for responsive ESI, not only personal email accounts. _Second_, as for Pye, MSIG cannot accept the proposed "limited" post-Complaint scope. Pye must search for and produce the very same types of responsive documents and ESI that post-date the Complaint that he agreed to produce and has since produced. _Third_, as for the Third Parties, MSIG accepted their limited proposal with the caveat that the Third Parties must search more than emails and they must construe "documents relating to Pye" to include documents concerning or reflecting the Third Parties' work at Arch with Pye, for Pye, on behalf of Pye, in connection with Pye, or at Pye's direction, not solely documents in which Pye is a named sender or recipient. Any responsive discovery that references, concerns, implicates, or relates to Pye and their work at Arch must be produced, regardless of whether it also involves other individuals."

III.    **REQUESTED RELIEF**

MSIG respectfully requests that the Court compel: 1) Pye to collect and produce responsive documents/ESI through the present, or, at a minimum, through a date meaningfully beyond Pye's offered compromise of December 1, 2025, for all ESI sources and all categories of documents that Pye agreed to produce in response to MSIG's document requests; 2) the Third Parties to search for and produce responsive documents and ESI through their respective data collection dates for all ESI sources, consistent with Section II(3) above. Moreover, MSIG requests that the Court order the prompt production of this responsive discovery and allow MSIG to conduct the depositions of Pye and the Subpoenaed Third Parties after ten (10) days of receipt of the productions, even if the depositions need to occur after the May 6, 2026 close of fact discovery pursuant to Fed. R. Civ. P. 16(b)(4).

---

[3] Pye has since offered to produce responsive documents through December 1, 2025, but that is insufficient and counsel has not identified any authority supporting its artificial cutoff date of December 1, 2025, nor has counsel articulated a burden in producing non-privileged documents after that date. For the Third Parties, there can be no added burden in producing documents through the date of their collections since the documents have already been collected.

**Arnold&Porter**

Respectfully Submitted,

*/s/ Dina Hayes*
Dina Hayes
*Counsel for Plaintiffs*

cc:   Counsel for Pye and Third Parties (*via email and ECF*)

The parties shall appear before the Court for a virtual conference on **April 23, 2026** at **12:15 p.m.** to address the issues raised in this letter.  Counsel shall submit an appearance sheet pursuant to the Court's Individual Rule 2(B) and will receive Microsoft Teams log-in credentials at the email addresses provided. The public listen-only line may be accessed by dialing Phone Number: 646-453-4442 | Phone Conference ID: 156 301 793#

**SO ORDERED.**

Date:   April 21, 2026
        New York, New York

*Jennifer Rochon*
**JENNIFER L. ROCHON**
**United States District Judge**

4