

**FOLEY & LARDNER LLP**

90 PARK AVE
37TH FLOOR
NEW YORK, NY 10016
**FOLEY.COM**

WRITER'S DIRECT LINE
(212) 338-3610
jisrael@foley.com

May 4, 2026

*The parties shall appear before the Court for a virtual conference on **May 11, 2026**, at **2:30 p.m.** Counsel shall submit an appearance sheet pursuant to the Court's Individual Rule 2(B) and will receive Microsoft Teams log-in credentials at the email addresses provided. The public listen-only line may be accessed by dialing Phone Number: 646-453-4442 | Phone Conference ID: 289 064 805#.*

**SO ORDERED.**

**VIA ECF**

Honorable Jennifer L. Rochon
United States District Court
Southern District of New York
500 Pearl Street, Room 1920
New York, NY 10007

*Date:    May 5, 2026
           New York, New York*

*Jennifer Rochon*
**JENNIFER L. ROCHON**
**United States District Judge**

Re:    *MSIG Holdings (U.S.A.), Inc. v. Pye*, No. 25-cv-08071-JLR (S.D.N.Y.)

Dear Judge Rochon:

My firm represents non-party Arch Insurance Company ("**Arch**") and two of its non-party executives, Matthew Shulman (Chief Executive Officer) and Valerie Turpin (Division President, Property & Marine) (together, the "**Arch Executives**"). In accordance with Rule 2.E of Your Honor's Individual Rules and pursuant to Rule 45(d)(3), Arch and the Arch Executives respectfully submit this letter-motion, seeking to quash the subpoenas *ad testificandum* that Plaintiffs ("**MSIG**") served on the Arch Executives (the two "**Additional Arch Subpoenas**," Ex. 1 hereto), both of which are returnable tomorrow, May 5.[1] The Additional Arch Subpoenas should be quashed for at least three reasons: (i) they represent an attempted, improper, end-run around the agreed-upon limits on the discovery that MSIG seeks from non-party Arch under three pre-existing and already-negotiated subpoenas (the "**Arch Subpoenas**");[2] (ii) they seek cumulative and duplicative testimony from non-party Arch and thus are unduly burdensome and harassing; and (iii) MSIG cannot satisfy its burden, under the apex doctrine, to demonstrate that either of the non-party Arch Executives has unique, non-duplicative, first-hand knowledge that is unavailable through less intrusive discovery (*i.e.*, the deposition of Arch under the Arch Subpoenas).[3]

For over six months, MSIG has pursued discovery directly from non-party Arch. Beginning on December 18, 2025, Arch and MSIG have engaged in extensive meet-and-confers concerning the scope of MSIG's Arch Subpoenas, and thereby substantially narrowed the parameters of MSIG's discovery from Arch. In early April 2026, they finally reached an agreement in principle that, among other things, (i) Arch would provide testimony and documents per a negotiated,

---

[1] MSIG clearly has no intention of proceeding tomorrow, but has not confirmed that the dates are adjourned.

[2] MSIG (1) served an overbroad, unduly burdensome subpoena on Arch on November 6, 2025; (2) emailed to Arch's counsel on February 20, 2026 (mid-meet-and-confer on the first subpoena) an unsolicited amended subpoena that materially expanded the demanded deposition topics (from 9 to 26 in total) and enlarged the document requests; and (3) on March 18, 2026, again derailed ongoing negotiations by emailing to Arch's counsel yet another, also unsolicited, subpoena.

[3] The Arch Executives waive any place-of-compliance objection; given Your Honor's familiarity with this case, resolution of this motion is most efficient here. *See Joffe v. King & Spalding LLP*, 2020 WL 3453452, at *3-4 (S.D.N.Y. June 24, 2020). Arch properly joins in the motion. *See Harapeti v. CBS Television Stations, Inc.*, 2021 WL 3932424, at *1-3 (S.D.N.Y. Sept. 2, 2021).



narrowed set of topics (the "**Agreed Testimony**") and requests (the "**Agreed Documents**"); (ii) MSIG would not seek testimony from Arch on any topic outside the scope of the Agreed Testimony; and (iii) Arch's appearance under the Arch Subpoenas would satisfy fully any testimonial obligation of Arch. Per MSIG's own email acknowledgment, Arch understood and stated this agreement accurately, except for two issues not relevant to this application.[4] On April 16 and 20, 2026, while that last issue was still being negotiated, MSIG, without advising Arch in advance, served the Additional Arch Subpoenas. On April 30, 2026, Arch presented to MSIG written objections to the Additional Arch Subpoenas, and proposed to meet and confer. *See* Ex. 3 hereto. MSIG made no substantive response. A meet-and-confer at noon today, May 4 (ahead of the May 5 return date), was proposed by MSIG and agreed to by Arch, but then never followed up on by MSIG. It did not occur.

MSIG obviously does not seek any information from the Arch Executives in their individual capacities. In fact, anything the Arch Executives may know that is at all relevant to MSIG's allegations and claims in this action, they know in their capacity as Arch employees. Accordingly, the Arch Executives can give only ***Arch*** testimony. *See* Bankruptcy Court Order (Bankr. S.D.N.Y. May 7, 2004) (Ex. 4 hereto), at 10-11, *aff'd*, *In re Blackstone Partners, L.P.*, 2005 WL 1560505, at *3 (S.D.N.Y. July 1, 2005) ("Counsel's argument that '[the non-party company] is not being deposed, but [rather] [the former employees] are being deposed' is specious. [The former employees] are extensions of [the company] by virtue of their relationship with the company, therefore it is [the company] that is subject to the subpoena"). Further, for all we know, MSIG is seeking, from the Arch Executives, testimony beyond the scope of Agreed Testimony. Thus, with these Additional Arch Subpoenas, MSIG has reneged on all of the above-listed agreements limiting Arch testimony under the Arch Subpoenas.

Further, with the Additional Arch Subpoenas, MSIG is improperly pursuing additional Arch testimony that would be duplicative or cumulative of the Agreed Testimony, which unduly burdens and is harassing to non-party Arch. For these reasons, the Court should treat the Additional Arch Subpoenas as cumulative corporate non-party discovery, and should quash them. *See Blackstone*, 2005 WL 1560505, at *2-3 (affirming the quashing of subpoenas served on former company executives as unduly burdensome and cumulative of the company's Rule 30(b)(6) testimony because "[t]he intent of the [subpoenaing party] in deposing the [non-parties] was to challenge the actions of [the company], and their testimony would be irrelevant if not binding on the company").

---

[4] *See* emails reflecting the agreement in principle between MSIG and Arch, including on the provision and definition of Agreed Testimony, Ex. 2 hereto. As to the two issues: (1) MSIG was concerned about follow-up discovery sparked by deposition testimony. Arch and MSIG quickly reached agreement resolving that concern; and (2) MSIG pushed back about the temporal scope of Arch's production of Agreed Documents. Although MSIG had agreed to one cut-off date, it reneged. After further negotiations, MSIG and Arch agreed on another, later, cut-off date – and MSIG reneged again. Arch has made clear its willingness to continue the meet-and-confer regarding Agreed Documents to address MSIG's latest reversal, the stated reason for which is meritless. Arch's disclosures under the Arch Subpoenas could have been completed months ago, but for the combination of MSIG's long periods of inaction and ever-shifting unilateral demands.



Protection from such improper subpoenas is afforded by Rule 45, which effectively bars MSIG from using the Additional Arch Subpoenas to end-run or to expand the Arch Subpoenas, by imposing an affirmative obligation on MSIG to "take reasonable steps to avoid imposing undue burden or expense on a person subject to the subpoena." Rule 45(d)(1); *see, e.g., Ameristar Jet Charter, Inc. v. Signal Composites, Inc.*, 244 F.3d 189, 192-93 (1st Cir. 2001) (affirming order quashing additional subpoenas to non-party corporation and employees where requested discovery was cumulative, duplicative, and unduly burdensome given prior subpoena to the non-party corporation); *see also Blackstone*, 2005 WL 1560505, at *2-3. Non-party Arch has devoted months of time and energy negotiating with MSIG to reach an agreed-upon scope of Agreed Testimony under the Arch Subpoenas. Now, with the Additional Arch Subpoenas, MSIG is maneuvering to triple the burden by impermissibly pursuing two additional Arch depositions without identifying any distinct subject matter that only the Arch Executives can address and that the yet-to-be-taken Arch deposition would not otherwise cover. *See Rodriguez v. SLM Corp.*, 2010 WL 1286989, *2-3 (D. Conn. Mar. 26, 2010) (quashing subpoenas to two former senior executives because the plaintiffs had not shown that they possessed unique knowledge unavailable from corporate representative witnesses, and requiring the plaintiffs to proceed with the corporation's Rule 30(b)(6) witness).[5] MSIG is in breach of its Rule 45 obligations.

The Court also should quash the Additional Arch Subpoenas under the apex doctrine. The Arch Executives are high-level senior executives, who plainly qualify as apex witnesses, and thus MSIG cannot depose them without demonstrating that they possess unique, non-duplicative, firsthand knowledge that is unavailable through less intrusive discovery. *See Harapeti*, 2021 WL 3932424, at *2-3; *Rodriguez*, 2010 WL 1286989, at *2-3. MSIG cannot make that showing. Nor can it explain why Arch's corporate witness under the Arch Subpoena (who will be Arch President Brian First) will not suffice to address the subjects on which MSIG seeks the Arch Executives' testimony. To the extent that those subjects are *not* within Agreed Testimony, any such inquiry is barred by MSIG's agreement with Arch; to the extent that the subjects *are* within Agreed Testimony, they will be covered, as agreed, by the Arch designee, and there is no justification for imposing on the Arch Executives. The Additional Arch Subpoenas, therefore, are barred under the apex doctrine. *See Harapeti*, 2021 WL 3932424, at *2-3 (quashing subpoena to former senior executive under apex doctrine); *Rodriguez*, 2010 WL 1286989, at *2-3 (quashing subpoenas to former company employees where plaintiffs had not shown the subpoenaed witnesses had unique knowledge or first deposed the company's designee).

For the above reasons, the Court should quash the Additional Arch Subpoenas.

Respectfully submitted,

*Jonathan Israel* (signature)

Jonathan L. Israel

cc: All counsel of record (ECF)

---

[5] With the Additional Arch Subpoenas, MSIG also appears to be trying to circumvent Rule 30(d)(1), which limits MSIG's deposition of Arch to seven hours total.